## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KARISSA RUND,<br>                    Appellant, | DOCKET NUMBER<br>DE-0845-19-0254-I-1 |
|                         v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>                    Agency. | DATE:  March 11, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Douglas J. Rund</u>, Englewood, Colorado, for the appellant.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) finding that she had been overpaid annuity benefits under the Federal Employees' Retirement System (FERS) and that she did not qualify for a waiver of the overpayment.  Generally, we grant petitions such as this one only in the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that further reduction of the recovery schedule is appropriate, we AFFIRM the initial decision.

## BACKGROUND

Following the appellant's diagnosis of recurrent, stage IV colon cancer, she applied for a Federal Employees' Retirement System (FERS) disability retirement annuity, and OPM granted her application on March 23, 2018. Initial Appeal File (IAF), Tab 10 at 56. On April 27, 2018, OPM issued the appellant an interim payment of $15,235.84.[2] *Id.* at 25-26. On June 16, 2018, OPM notified the appellant that it had overpaid her by $18,093.62,[3] indicating that her interim payment exceeded the amount due and thus caused the overpayment. *Id.* at 27-28. The notice set forth a repayment schedule of 36 installments in the amount of

---

[2] This amount represents a gross payment of $18,700.00 for the period from June 1, 2017, to April 30, 2018, less $3,464.16 in Federal income tax, for a net payment of $15,235.84. IAF, Tab 10 at 25.

[3] This amount represents gross interim payments of $20,400.00 ($18,700.00 for the period from June 1, 2017 to April 30, 2018 plus $1,700.00 for the period June 1, 2018, to June 30, 2018) less the $2,306.38 net accrued annuity due to the appellant for April 21 to May 30, 2018. IAF, Tab 10 at 6.

$502.60, with a final installment of $0.02. *Id.* at 28. The appellant requested that OPM reconsider its decision regarding the existence and amount of the overpayment and OPM issued a final reconsideration decision affirming its initial decision, including the repayment schedule. *Id.* at 5-7, 23.

The appellant subsequently filed the instant appeal. IAF, Tab 1. The administrative judge held a hearing and affirmed OPM's reconsideration decision. IAF, Tab 43, Initial Decision (ID). She found that OPM established that it overpaid the appellant by $18,093.62, as the result of a gross payment of $20,400.00 less the appellant's net entitlement of $2,306.38. ID at 5-6. The parties do not challenge this finding and we discern no basis to disturb it.

The administrative judge next found that the appellant had not met her burden to have the overpayment waived. ID at 6. First, he determined that the appellant established that she was without fault in receiving the overpayment. ID at 6-8. Nevertheless, the administrative judge determined that the appellant failed to meet her burden to demonstrate that recovery of the overpayment would be against equity and good conscience because the set-aside rule required her to set the overpayment amount aside pending recoupment by OPM. ID at 9-15. Lastly, the administrative judge determined that the appellant failed to meet her burden to establish that she was entitled to an adjustment to OPM's repayment schedule of 36 installments in the amount of $502.60, with a final installment of $0.02. ID at 15-23.

In her petition for review, the appellant challenges the administrative judge's finding that recovery of the overpayment was not against equity and good conscience. Petition for Review (PFR) File, Tab 1 at 4. She also argues that the administrative judge improperly based his determination that OPM's repayment schedule would not cause financial hardship on her non-liquid assets. *Id*. at 4-5; *see* 5 C.F.R. § 845.301(b). OPM has filed a response to the appellant's petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant bears the burden of establishing her entitlement to a waiver of recovery of the overpayment by substantial evidence. *Boone v. Office of Personnel Management*, 119 M.S.P.R. 53, ¶ 5 (2012). Generally, the recovery of a FERS overpayment should be waived if the recipient is without fault and recovery would be against equity and good conscience. *Id.*; *see* 5 U.S.C. § 8470(b); 5 C.F.R. § 845.301. Recovery is against equity and good conscience when it would cause financial hardship, the annuitant can show that she relinquished a valuable right or changed positions for the worse, or recovery would be unconscionable under the circumstances. *Boone*, 119 M.S.P.R. 53, ¶ 5; 5 C.F.R. § 845.303. However, individuals who suspect that they have received an overpayment are expected to set aside the amount overpaid pending recoupment, and, in the absence of exceptional circumstances, which do not include financial hardship, recovery of the overpayment in such cases is not against equity and good conscience. *Boone*, 119 M.S.P.R. 53, ¶ 6.

The administrative judge correctly found that recovery of the overpayment is not against equity and good conscience.

As noted above, the appellant challenges the administrative judge's finding that recovery of the overpayment is not against equity and good conscience. PFR File, Tab 1 at 4-5. For the following reasons, we agree with the administrative judge.

The administrative judge found that the appellant was without fault. ID at 6-9. In doing so, he relied on OPM's Overpayment Policy Guidelines[4] (OPM Guidelines), which provide, in pertinent part, that an individual is not without fault if she accepted a payment which she knew to be erroneous. ID at 7; IAF, Tab 13 at 11. He found that the appellant's passive receipt of the payment did not indicate that she "accepted" the payment in any meaningful sense. ID at 7-8. The administrative judge also declined to find that the appellant "should have

_____

[4] IAF, Tab 13, OPM Overpayment Policy Guidelines (1995).

known" that the payment was erroneous before she received OPM's notice of the overpayment. ID at 8.

However, he also found that the set-aside rule applied because the appellant was either aware or reasonably should have suspected that the interim payment was erroneous no later than the date that she received OPM's overpayment notice, which the administrative judge found was no later than July 13, 2018. ID at 10-11; *Boone*, 119 M.S.P.R. 53, ¶ 6. The administrative judge determined that the appellant's subsequent attempt to call OPM demonstrated that she at least suspected that the payment was erroneous, and that under those circumstances, the principles of equity and good conscience obligated her to set the overpayment aside pending recoupment by OPM. ID at 10-11; *Boone*, 119 M.S.P.R. 53, ¶ 6. The administrative judge further found no exceptional circumstances, i.e., no extremely egregious errors or delays by OPM, that would exempt the appellant from the consequences of the set-aside rule and entitle her to a waiver of the repayment. ID at 11-14; *Boone*, 119 M.S.P.R. 53, ¶ 6.

On review, the appellant does not challenge the administrative judge's finding that she was aware of the overpayment by at least July 13, 2018, and that she therefore should have set the overpayment amount aside pending recoupment by OPM. When the set-aside rule applies, as we agree it does here, financial hardship is not considered an exceptional circumstance that would preclude the collection of an overpayment. *Boone*, 119 M.S.P.R. 53, ¶¶ 5-6. Thus, the appellant's financial hardship does not make OPM's collection of the overpayment against equity and good conscience. ID at 10-15.

<u>The appellant is entitled to a reduction in the repayment schedule</u>.

The administrative judge found that the appellant's monthly household expenses exceeded her gross monthly household income by $242.78. ID at 21. In arriving at that number, the administrative judge made several modifications to the appellant's claimed expenses and OPM's adjustments to them. ID at 16-21. Neither party challenges the administrative judge's findings concerning the

amount of the appellant's gross income or monthly household expenses. However, in considering the appellant's monthly expenses, the administrative judge failed to consider that, according to OPM's Policy Guidelines, repayment of the overpayment is an expense. *Russell v. Office of Personnel Management*, 69 M.S.P.R. 125, 128 (1995); *see* OPM Guidelines, § I–D–9, IAF, Tab 13 at 18. When the $502.60 monthly repayment amount is added to the appellant's average monthly household expenses, those expenses exceed her gross monthly household income by $745.38.

In her petition for review, the appellant argues that the administrative judge erred in considering non-liquid assets in determining that the repayment schedule would not be a financial hardship. PFR File, Tab 1 at 4. The administrative judge declined to modify the repayment schedule because, among other things, he found that the appellant's assets, both liquid and non-liquid, were substantial, observing that the appellant's Financial Resources Questionnaire reported $11,368.15 in liquid assets,[5] as well as $120,411.00 in her husband's individual retirement account, three cars valued at a total of $23,800.00, and a paid-off home valued at $330,000.00. ID at 22; IAF, Tab 10 at 13. The administrative judge further found that the appellant had converted liquid assets to non-liquid assets after she received OPM's overpayment notice, crediting the appellant's explanation that she used $4,278.28 out of the $15,235.84 post-tax overpayment to help pay off her mortgage, $4,021.60 to pay a medical bill, and the remainder to pay tax bills caused by the withdrawal of her Thrift Savings Plan (TSP) and to pay off her house.[6] ID at 22; IAF, Tab 19 at 6-7. Because the appellant could have instead used existing assets and set the disputed funds aside pending

_____

[5] OPM's guidelines suggest that, as a general rule, $5,000.00 of liquid assets should generally be considered available in making a financial hardship determination, and therefore be exempt from recovery. OPM Guidelines, § I-D-9, IAF, Tab 13 at 17; *Martin v. Office of Personnel Management*, 49 M.S.P.R. 134, 138 (1991), *aff'd per curiam*, 960 F.2d 156 (Fed. Cir. 1992). However, it may be appropriate to protect more than $5,000.00 if the debtor's expenses, as here, exceed her income and the debtor has significant current liabilities not reflected in expenses. OPM Guidelines, § I-D-9, IAF, Tab 13 at 17.

resolution of the overpayment, the administrative judge found that the appellant's request to waive recovery was contrary to the set-aside rule and general principles of equity. ID at 22. The administrative judge declined to reduce OPM's repayment schedule, finding that the appellant did not need substantially all of her income and current assets to meet her monthly expenses. ID at 22-23.

Nevertheless, to the extent that the administrative judge considered the appellant's assets in analyzing financial hardship, such assets are not relevant to the appropriateness of the repayment schedule. *Pierotti v. Office of Personnel Management*, 124 M.S.P.R. 103, ¶ 14 (2016) (explaining that the Board's hardship analysis, in considering a collection schedule established by OPM, is income-based and not asset-based). When, as here, an annuitant is ineligible for a waiver of an overpayment but her monthly expenses exceed her monthly income, an adjustment of the recovery schedule is appropriate. *Stone v. Office of Personnel Management*, 55 M.S.P.R. 657, 661 (1992). As noted above, the record shows that the appellant's monthly household expenses exceed her gross monthly household income. ID at 21. Thus, the appellant needs all of her current income to meet her current ordinary and necessary living expenses, and collection of the overpayment at the repayment schedule of $502.60 per month would cause her financial hardship. *Pierotti,* 124 M.S.P.R. 103, ¶ 12.

Accordingly, we modify the repayment schedule to $5.00 per month.[7] *Id.*; *Knox v. Office of Personnel Management*, 107 M.S.P.R. 353, ¶¶ 12-13 (2007)

---

[6] The appellant explained below that the net proceeds from the withdrawal from her TSP were $81,632.46 and that, as a result of the TSP withdrawal, the household owed an additional $6,308.00 in Federal income tax and $5,798.00 in state income tax, payments for which came from their emergency funds. IAF, Tab 19 at 6-7, 23-24.

[7] OPM has advised the Board that it may seek recovery of any debt remaining upon your death from your estate or other responsible party. A party responsible for any debt remaining upon your death may include an heir (spouse, child or other) who is deriving a benefit from your Federal benefits, an heir or other person acting as the representative of your estate if, for example, the representative fails to pay the United States before paying the claims of other creditors in accordance with 31 U.S.C. § 3713(b), or transferees or distribute[r]s of your estate. *See Pierotti,* 124 M.S.P.R. 103, ¶ 13.

(reducing OPM's repayment schedule to $5.00 per month because the appellant's expenses exceeded her income); *Dorrello v. Office of Personnel Management*, 91 M.S.P.R. 535, ¶ 10 (2002) (same); *Matthews v. Office of Personnel Management*, 85 M.S.P.R. 531, ¶ 11 (2000) (same).

## ORDER

We ORDER the Office of Personnel Management (OPM) to reduce the appellant's repayment schedule to a rate of $5.00 per month. OPM must complete this action no later than 20 days after the date of this decision.

We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees

and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.